OPINION
FUENTES, Circuit Judge:
Edwin E. Naythons appeals from the District Court’s dismissal of his complaint against the law firm of Stradley, Ronan, Stevens, and Young, LLP and Andre L. Dennis, Esq. (“Stradley”). Naythons alleges one count of common law abuse of process and one count claiming wrongful use of civil process. For the reasons stated below, we will affirm.[2]

I. Facts and Procedural History

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case.
The underlying litigation in this case began in 1995 when Anthony Patterson, a member of the Church of the Lord Jesus Christ of the Apostolic Faith in Philadelphia, filed an action in state court against church leadérs alleging that they had looted millions of dollars from the church’s bank accounts. In November 2006, the parties agreed to submit the case to binding arbitration. The parties selected Edward Naythons (“Naythons”), a retired United States Magistrate Judge in the Eastern District of Pennsylvania, as the neutral arbitrator. The arbitration concluded in April 2006, and Naythons found against the church leaders. Naythons ordered a full accounting of the missing funds. After the accounting was completed, Naythons worked on the written, final adjudication until July 25, 2006. However, on July 27, 2006, before Naythons filed the final adjudication, he received an anonymous “threat” via an online social networking site. Naythons informed the parties of the threat on August 3, 2006, at which time the defendants in the underlying action urged Naythons to recuse himself for fear that the threat would result in bias against them. Naythons declined to do so. Thereafter, the defendants in the underly *167 ing action, represented by Stradley and other law firms, began to aggressively pursue Naythons’s recusal in the state court proceeding. For the purposes of this litigation, the most important filing was Stradley’s petition to recuse Naythons based on bias, misconduct, dishonesty, and fraud.
Naythons issued the final adjudication in October 2006, but dated it July 25, 2006, the date he completed it. In November 2006, Stradley filed a motion to vacate the final arbitration award. In December 2006, Stradley filed a petition for a hearing on their petition to vacate, as well as their previous petition for recusal.
About ten months later, Naythons filed a complaint against Stradley. In it, Nay-thons alleged abuse of process and wrongful use of civil proceedings due to the “scorched earth” litigation strategy Strad-ley employed and the accusations Stradley leveled against Naythons in the course of making arguments for his recusal. Strad-ley moved to dismiss the case because Naythons, a non-party to the underlying litigation, lacked standing. After hearing oral argument, the District Court granted Stradley’s motion to dismiss. Specifically, the District Court found that there was no authority under Pennsylvania law to support Naythons’ position, and that Nay-thons lacked standing to pursue his claims. The District Court also found that the doctrine of judicial privilege protects attorneys, arbitrators and judges from these types of claims, and that if courts abrogated the doctrine in the way Naythons advocates, it would “chill zealous advocacy.” The District Court also held that Naythons could not demonstrate harm as a result of the alleged “abuse of process.”
II. Discussion[3]
Under Pennsylvania law, “abuse of process is defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed.” Cruz v. Princeton Ins. Co., 972 A.2d 14, 15 n. 1 (Pa.Super.Ct.2009) (citations omitted). To establish a claim for abuse of process the plaintiff must show that the defendant “(1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff.” Id. Abuse of process is, in essence, the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process. Id. (citing McGee v. Feege, 517 Pa. 247, 535 A.2d 1020, 1026 (1987)). Although substantially similar to a claim of abuse of process, a claim of “wrongful use of civil proceedings” incorporates an additional causation element: the defendant did not have probable cause for his action. Id. at 19 n. 5.
Under Pennsylvania law, the District Court correctly dismissed Naythons’s claims of abuse of process and wrongful use of civil proceedings. Stradley did not “use legal process” against Naythons.[4] Naythons was the arbitrator in the state proceeding, not a party to the action, and the fact that he was named as a respondent in one of the state court petitions is of no import. Permitting Naythons to sustain either of these claims against Stradley would abrogate the doctrine of judicial privilege, whereby “pertinent and material” communications made in in the context of judicial proceedings are absolutely privileged from civil liability. Moses v. McWilliams, 379 Pa.Super. 150, 549 A.2d 950, 956 (1988) (citing Post v. Mendel, 510 Pa. *168 213, 507 A.2d 351, 355 (1986)). The proper recourse for any unethical conduct on behalf of Stradley is through judicial review of the arbitration proceedings, which could result in sanctions against Stradley if their conduct was as egregious as Naythons alleged in his complaint.[5]

III. Conclusion

For the foregoing reasons, we will affirm the District Court’s dismissal of Nay-thons’s complaint.

. The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

. We exercise plenary review of the District Court’s order granting Stradley's motion to dismiss. United States Dept, of Transp., ex. rel. Arnold v. CMC Eng'g, et al., 564 F.3d 673, 676 (3d Cir.2009).

. We note that the District Court based its decision, in part, on the fact that Stradley was not the law firm that initially listed Naythons as a respondent in the state court petition at issue in this case.

. Because we find the issue of judicial privilege so overarching in this matter, we do not reach the alternative bases for the District Court's decision.